# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**UNITED STATES OF AMERICA,**

       **Plaintiff**

**-vs-**                                                  Case No. 2:06-cr-121-FtM-29DNF

**HOWARD HENRY, SHEILA HENRY**
**and QUITIN HENRY a/k/a Quintin Henry,**

       **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter is before the Court on the issue of the amount of restitution to be imposed. On November 9, 2007, the Honorable John E. Steele, United States District Judge entered an Order (Doc. 165) which referred the issue of restitution as to the Defendants, Howard Henry, Sheila Henry, and Quitin Henry to this Court to conduct an evidentiary hearing and to prepare a Report and Recommendation as to the amount of restitution to be imposed. The Court held an evidentiary hearing on January 8, 2008. No victims appeared at the hearing.

      Pursuant to the Judgment (Doc. 158), the Defendant, Howard Henry was sentenced to a term of 48 months as to Count Seven of the Indictment (Doc. 2) to be served concurrently with the sentence imposed in the Southern District of Florida, Case Number 113C 0:04CR60200. (Doc. 158, p. 2).

      Pursuant to the Judgment (Doc. 157), the Defendant, Sheila Henry was sentenced to a term of 48 months as to Count Seven of the Indictment (Doc. 2) to be served concurrently with the sentence imposed in the Southern District of Florida, Case Number 113C 0:04CR60200.. (Doc. 157, p. 2).

The Defendant, Quitin Henry is schedule to be sentenced on January 14, 2008. Quitin Henry entered a plea of guilty on July 9, 2007 to Count Three of the Indictment. His plea of guilty was accepted and he was adjudicated guilty as to Count Three of the Indictment on July 10, 2007. (See, Doc. 123).

A court is required to order restitution to each victim for the full amount of each victim's loss without consideration of the economic circumstances of the defendant. 18 U.S.C. §3664(f)(1)(A). Any dispute as to the amount of restitution must be determined by the Court by a preponderance of the evidence. 18 U.S.C. §3664(e). The Government has the burden of demonstrating the amount of the loss as a result of the offense. *Id*.

The Government provided two claims as to victims in this action. The first claim was in the Amount of $596.00 for the victims Armando Garcia and Dulce M. Consul-Garcia. These victims provided the Government with a letter supporting their claim asserting that they lost $596.00 in closing costs due to the fraudulent transaction. At the hearing, Probation Officer Janet Zuk provided an address for the property of these victims of 1520 Lake Ave., Lehigh Acres, FL. Howard Henry, Sheila Henry, and Quitin Henry did not object to the amount of $596.00 as restitution.

The second claim the Government presented was for victim, Norma J. Handley. Ms. Handley is requesting that she be reimbursed for attorney's fees and costs she incurred due to the fraud perpetrated by the Defendants on her property. Ms. Handley provided documentation to support her claim for attorney's fees and costs in the amount of $4,971.22. Ms. Handley claims that she would also like to be reimbursed for other expenses she incurred, however she failed to substantiate these claims with any documentation.

Howard Henry and Sheila Henry objected to the Court imposing restitution in the amount of $4,971.22. These Defendants asserted that they were not involved in any transaction regarding this specific property. The Indictment (Doc. 2) sets forth a Scheme to Defraud involving all of the Defendants jointly. Further, the Plea Agreements (Doc. 106, 107) provide that the Howard Henry and Sheila Henry jointly participated in a scheme to defraud with other individuals. (Doc. 106, p. 2; Doc. 107, p. 2).

Pursuant to 18 U.S.C. §3664(h),

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

The Court has discretion to determine whether co-defendants are required to pay restitution jointly or severally. *Williams v. U.S.*, 231 Fed.Appx. 939, 941 (11th Cir. 2007). In the instant case, all of the Defendants participated in the scheme to defraud victims, therefore, all of the Defendants are jointly and severally liable for the restitution of the victims.

Quitin Henry asserted that attorney's fees may not appropriately be a part of restitution. In this case, however, to make the victim Norma Handley whole, she was required to hire counsel to clear title to her property. Further, the Honorable John E. Steele, United States District Judge entered an Order (Doc. 198) on the issue of restitution as to Co-Defendant Omar Dalberry, and Judge Steele found that Ms. Handley's claim for attorney fees and costs of $4,971.22 was appropriate and awarded restitution to Ms. Handley in that amount.[1]

---

[1] In his Order, Judge Steele also discussed the claim of Commonwealth Land Title Insurance Company in the amount of $52,001.00 to Breene, Inc. The claim to Breene had not been resolved at the time that Judge Steele entered his Order (Doc. 198) on December 10, 2007. Judge Steele found that since the amount had not been determined, the need to avoid prolonging the

The Government met its burden by a preponderance of the evidence of demonstrating the amount of loss for the claim of Armando Garcia and Dulce M. Consul-Garcia in the amount of $596.00 and for the claim of Norma Handley in the amount of $4,971.22.

The Court respectfully recommends the following:

1) The District Court enter an amended judgment and as to the Defendant, Howard Henry and impose restitution jointly and severally in favor of Norma Handley and against the Defendant, Howard Henry in the amount of $4971.22; and impose restitution jointly and severally in favor of Armando Garcia and Dulce M. Consul-Garcia and against Howard Henry in the amount of $596.00.

2) The District Court enter an amended judgment and as to the Defendant, Sheila Henry and impose restitution jointly and severally in favor of Norma Handley and against the Defendant, Sheila Henry in the amount of $4971.22; and impose restitution jointly and severally in favor of Armando Garcia and Dulce M. Consul-Garcia and against Sheila Henry in the amount of $596.00.

3) The District Court enter judgment after sentencing and as to the Defendant Quitin Henry and impose restitution jointly and severally in favor of Norma Handley and against the Quitin Howard Henry in the amount of $4971.22; and impose restitution jointly and severally in favor of Armando Garcia and Dulce M. Consul-Garcia and against Quitin Henry in the amount of $596.00.

---

sentencing process outweighed the need to provide restitution to Commonwealth Land Title Insurance Company. At the hearing held on January 8, 2008 for Howard Henry, Sheila Henry and Quitin Henry, the Government did not raise the claim of Commonwealth Land Title Insurance Company. Further, the Court has no additional information as to the exact amount of loss for Commonwealth Land Title Insurance Company. This Court follows Judge Steele's reasoning that the need not to prolong the sentencing process outweighs the need to provide restitution to Commonwealth Land title Insurance Company, and therefore, the Court will decline to include this claim in its Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  8th  day of January, 2008.

*Douglas N. Frazier*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record