UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:06-cr-121-FtM-99DNF

HOWARD HENRY
SHEILA W. HENRY
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Emergency Motion to Vacate Judgment of Conviction and Sentence Due to Violation of the Magistrate's Act Under 28 USC § 636(b)(3) (Docs. #265, #272). A Declaration (Doc. #266) was filed by defendant Howard Henry. The Government's Response (Doc. #268) was filed on February 23, 2009. The Court provided defendants with the notice required by Castro v. United States, 540 U.S. 375 (2003)(Docs. #273), and both defendant advised the Court that they did not want the motion re-characterized as a motion under 28 U.S.C. § 2255 (Docs. #271, 274.) Defendants also filed a Traverse (Docs. ##270, 275) to the government's Response.

In their identical Motions to Vacate, defendants argue that the magistrate judge lacked jurisdiction to conduct the Rule 11 guilty plea colloquy without their consent, and that the written consent forms contained in the file were not executed until after the guilty pleas were taken by the magistrate judge. Defendants

also argue that the magistrate judge did not find a factual basis for the wire fraud offense, and improperly decided the restitution portion of the sentence.

**I.**

On June 29, 2007, both defendants, represented by retained counsel, pled guilty before the assigned magistrate judge pursuant to written Plea Agreements (Docs. #106, 107).  Both defendants signed consent forms to have the magistrate judge take the guilty plea (Docs. #108, 109), but each asserts that they did not sign these consent forms until after the guilty plea colloquy, and that this was done in the jail without the presence of counsel.  The minutes of the guilty pleas were filed by the deputy clerk at 10:46 a.m. (Doc. #105), while defendants' consent forms were filed at 2:46 p.m. and 2:47 p.m.  The Court is satisfied from the record that at the time of the guilty plea colloquy defendants had not signed the consent forms.  The magistrate judge filed a Report and Recommendation (Docs. #110, 111) as to each defendant recommending that their guilty pleas be accepted. No objections were filed, and on July 2, 2007, the guilty pleas were accepted by the district court judge and defendants were adjudicated guilty (Docs. #112, 113).  Neither defendant objected at time of sentencing to the fact that the magistrate had conducted the guilty plea proceedings without their prior written consent or that the forms had been signed in the jail without the presence of their attorney.

On May 21, 2008 the Eleventh Circuit Court of Appeals dismissed Sheila W. Henry's direct appeal based upon a valid appeal waiver provision in the Plea Agreement (Doc. #260). On October 14, 2008, the Eleventh Circuit affirmed Howard Henry's conviction and sentence after granting court appointed counsel's motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967).

**II.**

Because defendants are now proceeding *pro se*, the Court must construe their request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The Court has no inherent power to correct even an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003).

The Court finds no basis for jurisdiction to vacate the sentence based upon the claimed failure to establish a factual basis in the guilty plea proceeding or in the restitution calculation. Both defendants have stated they do not want the motion considered under 28 U.S.C. § 2255, and none of the provisions of 18 U.S.C. § 3582(c) are applicable here as to these

issues. There is no other jurisdictional basis to consider these claims.

The Eleventh Circuit has reviewed challenges to a magistrate judge's authority even when defendant did not object in the district court, noting that such challenges have been treated as if they were jurisdictional issues. United States v. Schultz, No. 06-11673, 2009 WL 1067393, ___ F.3d ___ (11th Cir. Apr. 22, 2009). A jurisdictional challenge can never be forfeited or waived, United States v. Cotton, 535 U.S. 625, 630 (2002), and "a party may raise jurisdiction at any time during the pendency of the proceedings," United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998). The Court will therefore reach the issue of the magistrate judge's authority.

The issue before the Court is whether a magistrate judge has the authority to preside over a Rule 11 change of plea proceeding which results in a report and recommendation to the district court without the prior consent of the defendant. The government asserts that neither the magistrate judge statute nor Rule 11 "precludes the district court from having a magistrate judge, without the consent of the defendant, conduct a plea hearing and then make a report and recommendation to the district court, which may then accept or reject the recommendation." (Doc. #268, p. 7.) Defendants argue that a magistrate judge cannot preside over a guilty plea proceeding without the defendant's consent.

It is clear that a magistrate judge can preside over Rule 11 proceedings <u>and accept</u> a defendant's guilty plea only with the consent of the defendant. <u>United States v. Woodard</u>, 387 F.3d 1329 (11th Cir. 2004), <u>cert. denied</u>, 543 U.S. 1176 (2005). Similarly, under the Local Rules, a magistrate judge has the authority to accept guilty pleas in felony cases "with the consent of the Defendant." Rule 6.01(c)(12), Local Rules of the United States District Court for the Middle District of Florida. That, however, is not what happened in this case. While the magistrate judge presided over the Rule 11 proceedings, he did not accept either defendant's guilty plea, but rather filed reports and recommendations that the guilty pleas be accepted. It was the district court judge who accepted the guilty pleas.

It is also clear that a magistrate judge may preside over Rule 11 proceedings with the consent of the parties. <u>United States v. Benton</u>, 523 F.3d 424, 432 (4th Cir. 2008); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 119 (9th Cir. 2003), <u>cert. denied</u>, 540 U.S. 900 (2003); <u>United States v. Osborne</u>, 345 F.3d 281 (4th Cir. 2003); <u>United States v. Torres</u>, 258 F.3d 791, 795-96 (8th Cir. 2001); <u>United States v. Dees</u>, 125 F.3d 261 265 (5th Cir. 1997); <u>United States v. Ciapponi</u>, 77 F.3d 1247, 1250-52 (10th Cir. 1996); <u>United States v. Williams</u>, 23 F.3d 629, 633 (2d Cir. 1994). None of the parties, however, have cited any binding precedent as to whether consent is required before a magistrate judge may preside over the

guilty plea proceedings and issue a report and recommendation to the district judge as to its acceptance.[1]

Because defendants never raised the issue of the magistrate judge's authority to take their guilty pleas before the district court, the issue is now reviewed under the plain error standard. Schultz. To show plain error, defendants must show that: (1) an error occurred; (2) the error was plain; (3) it affected substantial rights; and (4) it seriously affected the fairness of the judicial proceedings. Schultz at *2. Assuming for the purposes of the current motions that defendants have satisfied the first two elements, they have not satisfied either the third or fourth requirement. The record establishes that having the magistrate judge conduct the Rule 11 proceedings, and then file a report and recommendation to the district judge, did not affect defendant's substantial rights or the fairness of the judicial proceedings. Defendants never asserted at sentencing or elsewhere that they were not guilty of the offense to which they pled guilty, and did not allege any infirmity in the guilty plea colloquy or complain that it was conducted by a magistrate judge. Accordingly, defendants have not satisfied the plain error standard.

Accordingly, it is now

**ORDERED:**

---

[1] Defendants' reliance on United States v. Maragh, 174 F.3d 1202 (11th Cir. 1999) is not persuasive because that case was abrogated by the Supreme Court in Gonzalez v. United States, 128 S. Ct. 1765 (2008).

Defendants' Emergency Motion to Vacate Judgment of Conviction and Sentence Due to Violation of the Magistrate's Act Under 28 USC § 636(b)(3) (Docs. #265, #272) are **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___8th___ day of May, 2009.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of Record
Howard Henry
Sheila Henry